UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| IN RE APPLICATION OF USA PURSUANT TO 18 U.S.C. § 3512 FOR ORDER FOR COMMISSIONER'S APPOINTMENT FOR FRAUD INVESTIGATION | ) ) ) ) ) ) ) | ML No: 23-1893 |

Reference:     DOJ Ref. # CRM-182-86313

APPLICATION OF THE UNITED STATES FOR AN ORDER
FOR A COMMISSIONER'S APPOINTMENT PURSUANT TO 18 U.S.C. § 3512

The United States of America, moving by and through its undersigned counsel, respectfully submits this *ex parte* application for an Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney Lee, Trial Attorney, Office of International Affairs, Criminal Division, U.S. Department of Justice (or a substitute or successor subsequently designated by the Office of International Affairs), as a commissioner to collect evidence and to take such other action as is necessary to execute this and any subsequent, supplemental requests for assistance with the above-captioned criminal matter from Spain. In support of this application, the United States asserts:

RELEVANT FACTS

1.  The Central Authority of Spain, the Ministry of Justice, Subdirectorate General for International Legal Cooperation, submitted a request for assistance (the Request) to the United States, pursuant to the Instrument as contemplated by Article 3(2) of the Agreement on Mutual Legal Assistance Between the United States of America and the European Union signed

25 June 2003, as to the application of the Treaty on Mutual Legal Assistance in Criminal Matters Between the United States of America and the Kingdom of Spain signed 20 November 1990, U.S.-Spain, Dec. 17, 2004, S. TREATY DOC. NO. 109-13 (2006) (the Treaty).

2.      As stated in the Request, the Examining Magistrate Court Number 1 of Sarria in Spain is investigating unknown suspects, for swindling (fraud), which occurred on or about September 4, 2020, in violation of the criminal law of Spain, specifically, Article 248 of the Spanish Criminal Code.  Under the Treaty, the United States is obligated to assist in response to the Request.

3.      According to Spanish authorities, On May 21, 2021, the Spanish victim reported to Spanish authorities that she had been alerted by her bank that a series of unauthorized charges had been made using her bank card, totaling 1,734 EUR (approximately 2,048 USD) from an IP address located in Morocco.  Investigation revealed that several of the unauthorized transactions traced back to various countries outside of the United States, and three of the unauthorized transactions were from an Apple Store based in Ireland.  Specifically, on September 4, 2020, an unknown suspect who was not authorized to use the victim's bank card made one purchase of 429 EUR (approximately 406 USD), and two purchases of 500 EUR (approximately 1180 USD) from Apple Store r507, located in Ireland.  Spanish authorities sought purchase records from Apple Ireland who replied that their transactional data was stored in the United States.

4.      To further the investigation, Spanish authorities have asked U.S. authorities to provide business records from Apple Inc., pertaining to the above listed transactions.

LEGAL BACKGROUND

5.      A treaty[1] constitutes the law of the land. U.S. Const. art. VI, cl. 2. The provisions of a treaty have equal footing with acts of Congress and are binding on the courts. See Asakura v. City of Seattle, 265 U.S. 332, 341 (1924); United States v. The Peggy, 5 U.S. 103 (1801); United States v. Emuegbunam, 268 F.3d 377, 389 (6th Cir. 2001). The provisions of a treaty should be construed liberally "to give effect to the purpose which animates it." United States v. Stuart, 489 U.S. 353 (386) (1989) (internal quotations marks omitted). To the extent that the provisions of a treaty are inconsistent with a preexisting statutory provision, the treaty supersedes the statute. Zschernig v. Miller, 389 U.S. 429, 440-41 (1968).

6.      The United States and Spain entered into the Treaty to promote more effective judicial cooperation and assistance between the parties in criminal matters. See Treaty, pmbl. The Treaty obligates each party, upon request, to provide assistance to the other in criminal investigations, prosecutions, and related proceedings, including assistance in serving documents, obtaining testimony, statements, and records, and executing searches and seizures. Annex, Article 1, para. 2. In addition, the Treaty, like 18 U.S.C. § 3512, authorizes federal courts to use compulsory measures to further the execution of such requests. Annex, Article 5, para. 1 ("The Courts of the Requested State shall have authority to issue subpoenas, search warrants, or other orders necessary to execute the request.").

7.      When executing a treaty or non-treaty request for assistance from a foreign authority, an attorney for the government may file an application to obtain any requisite court

---

[1] The term "Treaty" used herein encompasses bilateral treaties, multilateral conventions, instruments, and protocols.

orders under 18 U.S.C. § 3512.  This section authorizes a federal court to issue such orders and provides in pertinent part:

> Upon application, duly authorized by an appropriate official of the Department of Justice, of an Attorney for the Government, a Federal judge may issue such orders as may be necessary to execute a request from a foreign authority for assistance in the investigation or prosecution of criminal offenses, or in proceedings related to the prosecution of criminal offenses, including proceedings regarding forfeiture, sentencing, and restitution.
>
> \*          \*          \*
>
> [A]n application for execution of a request from a foreign authority under this section may be filed . . . in the District of Columbia.
>
> \*          \*          \*
>
> The term "foreign authority" means a foreign judicial authority, a foreign authority responsible for the investigation or prosecution of criminal offenses or for proceedings related to the prosecution of criminal offenses, or an authority designated as a competent authority or central authority for the purpose of making requests for assistance pursuant to an agreement or treaty with the United States regarding assistance in criminal matters.

18 U.S.C. § 3512(a)(1), (c)(3), (h)(2).

8.      Congress enacted this section to make it "easier for the United States to respond to [foreign] requests by allowing them to be centralized and by putting the process for handling them within a clear statutory scheme."  155 Cong. Rec. 6,810 (2009) (statement of Sen. Whitehouse); Foreign Evidence Request Efficiency Act of 2009, Pub. L. No. 111-79, 123 Stat. 2086.[2]  This section provides clear authority for the federal courts, upon application duly

---

[2] Prior to the enactment of 18 U.S.C. § 3512, the United States routinely utilized the procedures authorized by 28 U.S.C. § 1782 (the "commissioner" process) to execute requests from foreign authorities.  See In re Request from the United Kingdom, 685 F.3d 1, 11 (1st Cir. 2012) (18 U.S.C. § 3512 provides a more streamlined process than 28 U.S.C. § 1782, the statute under which foreign requests were executed prior to enactment of section 3512); see also Intel Corp. v. Advanced Micro Devices, Inc., 542 U.S. 241, 247-49 (2004) (describing history of Section 1782).  When enacting Section 3512, Congress anticipated that improved U.S. handling of foreign requests would ensure reciprocity in

authorized by an appropriate official of the Department of Justice, to issue orders that are necessary to execute a foreign request.

9. An application is duly authorized by an appropriate official of the Department of Justice when the Office of International Affairs[3] has reviewed and authorized the request, and executes the request itself or delegates execution to another attorney for the government.[4]  Upon such a duly authorized application, Section 3512 authorizes a federal judge[5] to issue "such orders as may be necessary to execute [the] request," including:  (1) search warrants under Fed. R. Crim. P. 41; (2) orders for electronic records under 18 U.S.C. § 2703; (3) orders for pen registers or trap and trace devices under 18 U.S.C. § 3123; and (4) orders appointing a person to direct the taking of testimony or statements and/or the production of documents or other things.  See 18 U.S.C. § 3512(a)(1)--(b)(1).  In addition, a federal judge may order any necessary procedures to facilitate the execution of the request, including any procedures requested by the foreign authority to facilitate its use of the evidence.  18 U.S.C. § 3512(a)(1).

10. Section 3512 also authorizes any person appointed to direct the taking of testimony or statements and/or the production of documents.  The appointed person has authority

---

response to U.S. requests for assistance in its criminal investigations.  See, e.g., 155 Cong. Rec. 10,093 (2009) (statement of Rep. Schiff).

[3] The Attorney General, through regulations and Department of Justice directives, delegated to the Office of International Affairs the authority to serve as the "Central Authority" under treaties and executive agreements between the United States and other countries pertaining to mutual assistance in criminal matters.  See 28 C.F.R. 0.64-1, 0.64-4, and Appendix to Subpart K, Directive Nos. 81B and 81C (2018).

[4] "Section 3512 can be invoked only when authorized by OIA. . . .  Such authorization occurs when an attorney for the government, or his or her office, receives the referral of the request for execution from OIA."  Memorandum from the Deputy Attorney General to Department of Justice Components (May 16, 2011) (on file with the Office of International Affairs).

[5] The term "federal judge" includes a magistrate judge.  See 18 U.S.C. § 3512(h)(1); Fed. R. Crim. P. 1(b)(3)(B) (including a magistrate judge in the definition of federal judge).

to: (1) issue an order requiring a person to appear and/or produce documents or other things; (2) administer any necessary oaths; and (3) take testimony or statements and receive documents or other things.  18 U.S.C. § 3512(b)(2).  In ordering a person to appear and/or produce documents or other things, the person appointed, commonly referred to as the "commissioner," typically uses a subpoena entitled "Commissioner's Subpoena."  Any such subpoena may be served or executed anywhere in the United States.  18 U.S.C. § 3512(f).

## REQUEST FOR ORDER

11.     The Office of International Affairs has reviewed and authorized the Request and is executing the Request itself.  Consequently, this application for an Order appointing the undersigned attorney as a commissioner to collect evidence and to take such other action as is necessary to execute the Request has been "duly authorized" within the meaning of Section 3512.  In addition, the Request was submitted by an appropriate "foreign authority," the Ministry of Justice, the designated Central Authority in Spain, and seeks assistance in the investigation of swindling (fraud) – a criminal offense in Spain.  The requested Order is necessary to execute the Request, and the assistance requested, i.e., the production of business records, falls squarely within that contemplated by Section 3512 and the Treaty.  Finally, this application was properly filed in the District of Columbia.

12.     This application is being made *ex parte*, consistent with U.S. practice in its domestic criminal matters.  When executing a foreign request for assistance in a criminal matter, both Section 3512 and the Treaty authorize the use of compulsory process comparable to that used in domestic criminal investigations and/or prosecutions.  Because subpoenas utilized in U.S. criminal proceedings (i.e., grand jury and criminal trial subpoenas) are issued without notice

to any person other than the recipient (<u>i.e.</u>, no notice to targets or defendants), orders and commissioner subpoenas issued in execution of a foreign request pursuant to Section 3512 and the applicable treaty likewise should require no notice other than to the recipients. Accordingly, this Court should authorize a commissioner to collect the evidence requested without notice to any person(s) or entity(ies) other than the recipient(s) of any given commissioner subpoena.

13. Further, the request as to notice is reasonable. As explained above, this Request concerns an ongoing criminal investigation pursuant to foreign law in the requesting country. Foreign investigations are often lengthy, and the Government does not have ready access to the status of such investigations. In addition, the Government will need to serve the commissioner subpoena(s) on the relevant person(s) and/or entity(ies), obtain the responsive documents, resolve any issues or questions regarding the production, and send the documents to the appropriate authority in Spain. The appropriate authority in Spain will then have to provide the documents, which may have to be translated, to the prosecutor and/or investigator assigned to the particular matter, who will need time to review the information provided and pursue any investigative leads and, possibly, seek additional evidence prior to disclosure of the specific assistance sought by Spanish authorities.

14. Therefore, the United States respectfully requests that this Court issue the attached Order, pursuant to 18 U.S.C. § 3512, appointing the undersigned attorney, Courtney Lee, Trial Attorney, Office of International Affairs (or a substitute or successor subsequently designated by the Office of International Affairs) as a commissioner, authorizing the undersigned to take the actions necessary, including the issuance of commissioner's subpoenas, as needed, to collect the evidence necessary to execute any pending request for assistance and any subsequent,

supplemental requests in connection with the same matter, in a manner consistent with the intended use of the evidence.

                              Respectfully submitted,

                              VAUGHN A. ARY
                              DIRECTOR
                              OFFICE OF INTERNATIONAL AFFAIRS
                              OK Bar Number 12199

By:       /s/ Courtney E. Lee      
                              Courtney E. Lee
                              Trial Attorney
                              D.C. Bar Number 241291
                              Office of International Affairs
                              Criminal Division, Department of Justice
                              1301 New York Avenue, N.W.
                              Washington, D.C. 20530
                              (202) 305-6761
                              Courtney.Lee2@usdoj.gov